Johnnie David VARNEDARE *v.* STATE of Arkansas

CR 78-115                                    573 S.W. 2d 57

Opinion delivered November 20, 1978
(Division II)

*Paul Johnson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was charged with two counts of burglary, in violation of Ark. Stat. Ann. § 41-2002 (Repl. 1977). In accordance with plea negotiations between the appellant's attorney and the prosecuting attorney for Pulaski County, the appellant sought to enter a plea of guilty to both counts at a hearing held on September 15, 1977. In response to questioning by the circuit judge prior to acceptance of the guilty plea, the appellant stated that he was drunk on the night the alleged offenses were committed, that he did not remember everything that happened on the night in question and that since he did "crazy things" when he was drunk, he was probably guilty of the offenses charged. The trial judge refused to accept the guilty plea, informing the appellant that if he was in fact so intoxicated that he did not enter either of the places he was charged with burglarizing with an intent to commit a theft, there was no reason for him to have two burglary convictions on his record.

Appellant was found guilty of two counts of burglary and sentenced to a term of ten years' imprisonment on each count, the sentences to run consecutively. Although no objection was made to the action of the trial judge on September

15, 1977, the appellant filed a pro se motion to vacate the sentence and judgment under Rule 37, Rules of Criminal Procedure. This motion, which alleged that the action of defense counsel in misleading the appellant into the belief that his plea of guilty would result in a one-year suspended sentence constituted a violation of Rule 37, was denied by the trial judge.

Appellant brings this appeal, alleging only one point for reversal of his conviction:

THE TRIAL COURT ERRED IN REFUSING TO ACCEPT DEFENDANT'S PLEA OF GUILTY AND TO SENTENCE THE DEFENDANT IN ACCORDANCE WITH PLEA NEGOTIATIONS WITH THE PULASKI COUNTY PROSECUTOR.

The basis of appellant's argument is that neither the trial judge, the deputy prosecuting attorney nor the defense attorney was aware that Act 101 of 1977 (enacted on February 4, 1977) had amended Ark. Stat. Ann. § 41-207 (Repl. 1977), and removed self-induced intoxication as a *statutory* affirmative defense to a prosecution. It is the appellant's contention that knowledge of this change in the law would have changed the manner in which the plea proceedings were conducted and he suggests that the trial judge would have accepted a plea of guilty. Appellant cites us to cases holding that a substantive change in the existing law will provide grounds for the withdrawal of a previously entered guilty plea and contends that these cases support the theory that a substantive change in the law provides grounds for the entry of a guilty plea. This is a novel argument, but apparently the appellant's attorney has misinterpreted the effect of the passage of Act 101.

By amending § 41-207 to remove self-induced intoxication as a statutory defense, the legislature, in effect, reinstated any prior Arkansas common law on the subject. In Arkansas, voluntary intoxication has traditionally not been available as a defense to a prosecution, even if it produced a form of "temporary insanity." *Robertson* v. *State*, 212 Ark. 301, 206 S.W. 2d 748; *Wood* v. *State*, 34 Ark. 341. However, in crimes such as burglary, where a specific statutory intent is

required, a different standard must be applied. In *Olles & Anderson v. State*, 260 Ark. 571, 542 S.W. 2d 755, the voluntary intoxication of one of the defendants was raised as an affirmative defense to a prosecution for burglary and larceny. We said there:

> * * * Still, when an offense can be committed only by doing a particular thing with a specific intent, it may be shown that an accused was so drunk at the time of the crime that he could not have entertained or formed the necessary intent, but the determination whether there was that degree of intoxication is solely within the province of the jury. *Stevens v. State*, 246 Ark. 1200, 441 S.W. 2d 451.

Therefore, under either the statutory provisions of § 41-207, as the parties involved thought them to be, or under the case law, as expressed in *Olles & Anderson v. State*, the defense of self-induced intoxication was available to the appellant, if it rendered him incapable of forming the intent that was a necessary element of the crime.

Although plea negotiations between prosecutors and defense attorneys serve an invaluable purpose in the administration of criminal justice and have been explicitly approved by this court (see *Meyers v. State*, 252 Ark. 367, 479 S.W. 2d 238), the acceptance or denial of a negotiated plea lies solely within the discretion of the trial judge. Criminal Procedure Rule 25.3; Comment to Criminal Procedure Rule 24.3. The rules also place a duty on the trial judge to determine that a factual basis exists for a plea of nolo contendere or guilty, whether negotiated or otherwise, before accepting such a plea. Criminal Procedure Rule 24.6.

The responses of the appellant to the questions posed by the trial judge cast a real doubt upon the existence of a factual basis for pleas of guilty. That these responses pointed out the very real possibility that an essential element of the offense charged was lacking is demonstrated by the following excerpts from the record of the proceeding:

THE COURT: Are you guilty?

DEFENDANT VARNEDARE: I was drunk, tell you the honest to God truth. I left the club drunk and stayed all night drinking.

THE COURT: . . . [D]id you go in there with the intent to commit theft?

DEFENDANT VARNEDARE: No, I was drunk. I was sitting there listening — watching the people. I don't know what I done but I was guilty because I was there. I was guilty for staying. I was guilty walking over there and picking that stuff up to start with.

THE COURT: Let me explain something to you. If what you say is true then there is no reason for you to have two burglary convictions on your record.

DEFENDANT VARNEDARE: I thought since I was drunk and I have been known to do crazy things when I get drunk probably I was guilty. I don't remember. All I remember is sitting there and laughing because all of that happened. That is all I honestly remember.

The prosecution bore the burden of proving, beyond a reasonable doubt, every element of the crime charged. *Dillard v. State,* 260 Ark. 743, 543 S.W. 2d 925. In order to find the appellant guilty of the crime of burglary, the prosecutor would have to prove that the alleged entries were made with the specific purpose (or intent) of committing an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002. Whether or not the appellant was intoxicated to such a degree as to be incapable of forming the requisite intent was a question which should be decided by the trier of fact. *Olles & Anderson v. State,* supra. Thus, the existence of a sufficient factual basis, required before judgment on a plea of guilty can be entered, was at least doubtful. Criminal Procedure Rule 24.6. Although we are not aware of the evidence adduced at the trial, the trial judge heard it and we assume that he considered it in imposing the sentences and making them consecutive. We find no abuse of discretion in the refusal of the trial court to accept the appellant's negotiated plea of guilty.

The judgment is affirmed.

We agree. Harris, C.J., and Byrd and Hickman, JJ.