## James IRONS *v.* STATE of Arkansas

CR 80-260                                                        615 S.W. 2d 374

### Supreme Court of Arkansas
### Opinion delivered May 18, 1981

*Gill & Johnson*, by: *B. Kenneth Johnson*, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. This appeal arises from the Desha Circuit Court where appellant was convicted of the rape of his 12-year-old daughter. Appellant urges two points for reversal: first, the trial court erred in permitting a juror who had discussed the matter in detail to serve on the panel; second, the trial court erred in holding an unreported conversation with the attorneys during the course of the trial.

We do not agree with appellant on either argument.

We will not burden the record with all of the facts of this

case since the argument involves only the seating of a juror and the holding of an unreported conference.

Prospective juror Herman Westerman revealed to the court that he had discussed the case with a relative of the appellant on the day before the trial. The juror was asked if he had arrived at a decision as to what really happened, and he replied:

> Not really, you know, on what I've heard of you know. If it's true, then I would know what to say. But as far as knowing whether it's true, I don't. Because, like I say, you can hear a bunch of junk as far as hearsay stuff.

This juror went on to state that he felt he could render a decision based upon what he heard in the courtroom on the date of the trial. The juror further stated that if the proof revealed the appellant had raped his 12-year-old daughter, it would make it hard to come to a decision to understand why. Juror Westerman also stated that he viewed the alleged crime as serious but it would be hard for him to say that such offense would justify a maximum sentence of 50 years or life imprisonment. In any event, the juror was accepted by both the state and the appellant.

After the last juror had been seated the lawyers held a conference at the bench with the court. This hearing was not reported. Nothing in the record indicates the nature of the bench conference nor does the record reveal that any type of action was taken as a result of the conference.

We first consider the qualification of juror Westerman. Since he was not challenged in the trial court, it is untimely to raise the objection on appeal for the first time. *Dyas* v. *State*, 260 Ark. 303, 539 S.W. 2d 251 (1976). This may well have been a matter of trial strategy. The experienced trial counsel may have noted the apparent reluctance on the part of the juror to inflict a maximum punishment and considered it good strategy to have at least one such person on the jury.

Ark. Stat. Ann. § 39-105 (Supp. 1979) sets forth the

matters which disqualify a person from serving on the petit jury. This statute essentially codified our existing case law and did not change the fact that the seating of a juror is a matter to be determined at the discretion of the trial judge. *Strode* v. *State*, 257 Ark. 480, 517 S.W. 2d 954 (1975).

As to the second point for reversal, there is nothing in the record to indicate the conference between the attorneys and court even related to the trial. Since the conference occurred after the last juror was seated, it is just as logical to assume the court was inquiring as to the length of time it would take for opening statements and whether a break was needed at that time. In any event, there is nothing whatsoever to indicate that the appellant's rights were even discussed, let alone prejudiced. There is not even an allegation of prejudice as a result of the unreported conference. We agree with appellant that every stage of a criminal trial should be reported. However, simply because the court fails to do so does not automatically grant one the right to a new trial after being convicted. Again, there was no objection at the trial level, and the matter cannot be considered for the first time on appeal. An unreported conference such as this will not be considered grounds for reversal unless the appellant is able to allege prejudice with some degree of support from the record or circumstances attending the trial.

Finding no error under either point argued by the appellant, we affirm the trial court.

Affirmed.