Lionel GREEN *v.* STATE of Arkansas

CA CR 82-179                                    646 S.W.2d 20

Court of Appeals of Arkansas
Opinion delivered February 9, 1983

*Jerry E. Mazzanti,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

TOM GLAZE, Judge. Appellant was convicted by jury of committing sexual abuse in the first degree and sentenced to six years imprisonment. He argues, through new, substituted counsel on appeal, that the trial court erred in (1) overruling his motion for directed verdict, (2) failing to give instructions on certain lesser included offenses, and (3) allowing the prosecuting attorney to make a prejudicial statement in closing argument.

We are unable to reach the merits of appellant's second and third issues. Regarding the appellant's second point, he is bereft of his instructions argument because he failed to proffer any instructions that contained what he believed to be correct lesser included offenses of first degree sex abuse. Because no lesser included instructions appear in the transcript or in the abstract of record, we are unable to consider this assigned error. *Williams* v. *Fletcher,* 267 Ark. 961, 965 (1980) *(per curiam denying reh'g).* Next, we do not consider appellant's point three because no objection was made at trial to the prosecuting attorney's remarks which are alleged to be prejudicial. Because this asserted error was not presented to the trial court and is raised for the first time on appeal, we do not reach its merits.

We now consider appellant's final contention that the trial court should have granted his motion for a directed verdict. In support of his argument, appellant contends that there was no proof that he had sexual contact with the eight year old girl whom he was convicted of sexually abusing. In our review on appeal, we are guided by the established rules that a directed verdict is proper only when no fact issue exists and that this court must review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence. *Tucker* v. *State*, 3 Ark. App. 89, 622 S.W.2d 202 (1981).

Appellant was convicted under Ark. Stat. Ann. § 41-1808 (Repl. 1977), which, in pertinent part, provides:

Sexual abuse in the first degree. — (1) A person commits sexual abuse in the first degree if:
(c) being eighteen (18) years or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old.

"Sexual contact" is defined in Ark. Stat. Ann. § 41-1801 (8) (Repl. 1977) as "any act of sexual gratification involving the touching of the sex organs or anus of a person, or the breast of a female."

In reviewing the record, we find that the eight year old girl testified the appellant spoke to her as she was leaving the swimming pool located in the Lake Chicot State Park. After a brief conversation she said the appelant raised her bathing suit and stuck his finger between her legs. After the incident, she went home and told her mother what had occurred. The girls's mother testified (without objection) that her daughter was crying when she came home and said, "When I got out of the swimming pool, there was a man and he grabbed me and put his finger up my swimming suit."[1] On cross-

---

[1]Appellant attempts to minimize the effect of each parent's testimony by calling it hearsay. No objection was made to such testimony, and it is certainly arguable that the testimony, concerning their girl's remarks after the incident, was admissible as an "excited utterance" under Rule 803 (2) of the Uniform Rules of Evidence. Nonetheless, we do not address this issue because it was not raised below.

examination, the mother said that she asked her daughter exactly what happened and she related all the events which had occurred at the swimming pool, including that the appellant "reached up his hand and pulled her bathing suit apart and stuck his finger up her."

The girl's father also testified that his daughter told him the same story as she told her mother. Her father testified (without objection) that his daughter said that a man stopped her and "had put his hand under her bathing suit and put his finger in her poo-pooh." The father took his daughter back to the swimming pool, and she identified appellant. Another witness, a Ms. Owens, testified that she had observed appellant with the girl at about the time the incident allegedly occurred. Appellant testified, denying that he touched the girl.

In sum, the parents' and girl's testimonies demonstrate that appellant, in violation of §§ 41-1808 and -1801 (8), *supra,* engaged in "sexual contact" with the girl. The trial court's decision, overruling appellant's motion for directed verdict, was based on substantial evidence. Therefore, we affirm this case in all respects.

Affirmed.