## Billy Earl MITCHELL *v.* STATE of Arkansas

CR 83-108                                    661 S.W.2d 390

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Wood Law Firm,* by: *Steven R. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Randel Miller,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. On June 1, 1982, three persons, including appellant who was armed with a pistol, entered Godfather's Pizza at 4514 Camp Robinson Road, North Little Rock, Arkansas, and took from the possession of Matthew Helfrich money owned by God- father's Pizza and a ring and wallet owned by him per- sonally. Also money was taken from two patrons of the business. A police officer heard the report of the robbery and gave chase to a suspect vehicle from which the stolen items were recovered. The officer identified appellant in court as the person who fled from the vehicle. On these facts appellant, Billy Earl Mitchell, was found guilty of four counts of aggravated robbery and was sentenced to four consecutive terms of life imprisonment. On appeal we affirm in part and reverse in part.

First, appellant argues that the facts regarding the robbery of Matthew Helfrich will support the conviction of only one aggravated robbery. We agree. Ark. Stat. Ann. § 41- 2103 (Repl. 1977) defines robbery:

> A person commits robbery if with the purpose of committing a theft or resisting apprehension im- mediately thereafter, he employs or threatens to immediately employ physical force upon another.

As pointed out in the Commentary to Ark. Stat. Ann. § 41-2103, under prior law robbery consisted of the felonious taking of money or other valuable thing from the person of another by force or intimidation. That definition put the primary emphasis upon the taking of property. But the Code redefines robbery to shift the focus of the offense from the taking of property to the threat of physical harm to the victim. As the Commentary states: "One consequence of the definition is that the offense is complete when physical force is threatened; no transfer of property need take place." *Jarrett* v. *State,* 265 Ark. 662, 580 S.W.2d 460 (1979). Ownership is not a necessary element of proof for aggra- vated robbery. The aggravated robbery was complete with

the threat of physical harm and the intent to commit theft. Therefore, the same proof was required for each of the counts of robbery involving Matthew Helfrich, and the entry of conviction on both counts is prohibited by Ark. Stat. Ann. § 41-105 (1) (a) and (2) (a) (Repl. 1977). We set aside the conviction and sentence for one of the counts of aggravated robbery against Matthew Helrich and affirm the conviction and sentence for the other count. *Akins v. State,* 278 Ark. 180, 644 S.W.2d 273 (1983).

Second, appellant argues the prosecuting attorney committed reversible error in closing argument by referring to whether or not the police took fingerprints. The prosecutor's statement was made in response to an earlier remark by defense counsel in his closing argument. Appellant objected to the statement but did not request an admonition to the jury or a mistrial. The circuit judge sustained the objection and directed the prosecutor to confine his remarks to the proof. Appellant was given all the relief requested; consequently, appellant has no basis upon which to raise the issue on appeal.

Third, appellant argues the trial court erred in refusing to declare a mistrial because the testimony of appellant's probation officer tended to show appellant had been convicted of a crime. The purpose of this testimony was to show that the vehicle used in the robbery was one under the control of appellant. It was properly within the discretion of the circuit judge to admit this relevant evidence by balancing the probative value of the submitted testimony against its possible prejudicial effect. See Rule 403 and Rule 404 (b), Uniform Rules of Evidence. The trial court should be reversed only upon a showing of abuse of discretion. *Robinson v. State,* 275 Ark. 473, 631 S.W.2d 294 (1982). The circuit judge did not abuse his discretion in the instant case.

Reversed in part, affirmed in part.