Mary Lee ORSINI *v.* STATE of Arkansas

CR 83-66 701 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered December 16, 1985

458

*Petitioner, pro se.*

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner was convicted of capital murder in 1982 and sentenced to life imprisonment without parole. We affirmed. *Orsini* v. *State*, 281 Ark. 348, 665 S.W.2d 245 (1984), *cert. denied* ___ U.S. ___, 105 S. Ct. 162 (1984). Petitioner has now filed in this Court a lengthy petition for postconviction relief pursuant to A.R.Cr.P. Rule 37 seeking an evidentiary hearing in circuit court. She also asks for this Court to provide her with a

copy of, or access to, the complete case file of the prosecuting attorney so that she can amend the petition.

Petitioner bases her plea for postconviction relief on nine or more primary allegations, depending on how the allegations are divided, each of which has multiple subpoints. The allegations in turn are supported by allegations contained in a 69-page petition she intends to file in circuit court if granted permission to proceed there and an additional set of attachments containing some 550 pages. For the sake of clarity, we will discuss the primary allegations of the petition without attempting to set out all the proof for each point which petitioner has provided in the circuit court petition and the set of attachments. The convoluted arguments advanced by petitioner, which require reference to both petitions and the attachments, illustrate the need for petitioners to include all grounds for relief in the petition to this Court. *See Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980). The petition to be filed in circuit court should be reserved for that court.

Petitioner first contends that the prosecution withheld from discovery exculpatory evidence in the form of two statements, one made by co-defendant Eugene Hall to Forest Parkman and Bill Williams and one by Carl Wilson contained in a report of the Alcohol, Firearms and Tobacco agency. Petitioner alleges that the prosecution permitted Hall to commit perjury since the state knew that Hall's testimony was false when he testified as to the number of statements he had given. It is not clear when petitioner learned of the statements. She states in the petition to this Court that she learned of the statements after trial. In the circuit court petition she says she became aware of the Hall statement before trial when the prosecutor mentioned it at a bond hearing. In any event, petitioner asserts that Tom Donovan, the attorney who filed a motion for new trial and represented her on appeal, was ineffective in that he referred to the statements only vaguely in the motion for new trial without stressing how important the Hall statement was to the defense.

 The issue of whether petitioner was entitled to a new trial on the ground that the state wrongfully withheld exculpatory evidence was raised on appeal and decided adversely to the petitioner. It was argued then that both the statement of Hall and

the AFT report containing Wilson's statement were discoverable and deliberately suppressed by the state. Petitioner asserts essentially that counsel was ineffective in the way he handled the issue in the motion for new trial and on appeal, but a claim of ineffective assistance of counsel cannot serve as a means to reargue questions already settled. *See Hickey* v. *State*, 287 Ark. 197, 697 S.W.2d 118 (1985). Furthermore, even if counsel had neglected entirely to raise the question of the Hall and Wilson statements, petitioner would not be entitled to a new trial unless there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *United States* v. *Bagley*, ___ U.S. ___, 105 S. Ct. 3375 (1985), citing *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). She has not demonstrated that the results of the proceeding against her would have been affected.

Petitioner also contends that an Arkansas State Police report concerning an interview with Robert Trout and an ATF report dated July 13, 1982 were not provided to the defense. She further alleges that the information that Carl Wilson had been granted immunity in exchange for his statement and that Hall was induced to give a statement by promises of future help from the county sheriff was withheld. Petitioner further asserts that the jury was never informed that witness Burge had been granted immunity from prosecution. She states that she cannot recall whether she or her attorney knew about the immunity at trial.

When evidence is not disclosed and thus omitted from trial, the burden is on the petitioner to establish that its omission was sufficient to undermine confidence in the outcome of the trial. *United States* v. *Bagley*. This is a heavy burden which petitioner has not met. Petitioner's speculation about the significance of the material in question is not enough to show that the defense suffered prejudice sufficient to affect the verdict.

Petitioner points out inconsistencies in witness testimony to which she contends trial counsel Jack Lessenberry should have objected. She also contends that counsel failed to interview witnesses and to ask important questions of witnesses who were called to testify.

The fact that a witness' testimony is inconsistent is not cause for objection. Counsel may address inconsistencies on

cross-examination of the witness and in closing argument, but the jury as trier of fact has the duty to resolve any inconsistencies and assess the witness' credibility. *McGee* v. *State*, 280 Ark. 347, 658 S.W.2d 376 (1983).

■ Petitioner argues that the failure to call certain witnesses and ask the questions she suggests amounted to ineffective assistance of counsel because of the importance of each witness and question, but in any trial there are invariably questions which could have been asked and often witnesses who could have been called. The object of a review of a claim of ineffective assistance of counsel is not to debate the possible effect of counsel's conduct but to determine whether there was actual prejudice which denied the petitioner a fair trial. *See Isom* v. *State*, 284 Ark. 426, 682 S.W.2d 755 (1985). Petitioner has not shown that she was denied a fair trial.

■ Petitioner sought a reversal of her conviction on appeal on several grounds, two of which were excessive pretrial publicity and the trial court's denial of a continuance. She seeks to raise these issues again. Rule 37, however, was not intended as a means to relitigate questions already settled on appeal. *Swindler* v. *State*, 272 Ark. 340, 617 S.W.2d 1 (1981).

■ Petitioner alleges that her counsel on appeal asked her to research points to raise on appeal and then did not use them and refused to confer with her about the appeal. She fails to specify what meritorious points for reversal were omitted. Furthermore, counsel is not obligated to raise every issue suggested by the appellant. Counsel, not the appellant, must rely on professional judgment to decide what to argue on appeal. *Dudley* v. *State*, 285 Ark. 160, 685 S.W.2d 170 (1985). *See also Jones* v. *Barnes*, 463 U.S. 745, 103 S. Ct. 3308 (1983).

■ Tom Donovan was reprimanded by the Committee on Professional Conduct in 1984 for violations of the Code of Professional Responsibility for conduct related to the attorney-client relationship between him and petitioner. Petitioner alleges that the Committee's action is proof of counsel's ineffectiveness, but she does not demonstrate that counsel's conduct which led to the reprimand was related to his actual representation of her on appeal. A claim of ineffective assistance of counsel must be supported by proof of actual prejudice to the defense which arose

from specific acts of counsel which affected the outcome of the proceedings against the accused. *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Despite the fact that Charles Wulz testified for the defense, petitioner contends that she should have a new trial on the ground that the prosecutor sought to induce him to falsify his testimony. Since petitioner states that Wulz testified truthfully, she could not have been prejudiced.

Finally, petitioner argues that this Court did not impartially review her conviction on appeal. She states that a member of this Court, Justice Purtle, commented before trial that it would be no problem to seat an unbiased jury because the publicity concerning her case was so great that people were tired of the case. Petitioner contends that the comment indicated Justice Purtle had formed an opinion about the issue of pretrial publicity before the trial was held.

We ruled on appeal that the petitioner could not claim a prejudiced jury or juror as she had not even used all her preemptory challenges. That appropriate, technical reason for rejecting her argument on appeal could not have been influenced by any member of this Court's view on the matter of jury prejudice through pretrial publicity. Thus even if the petitioner were allowed to produce evidence that a member of this Court was biased on the question of pretrial publicity, that evidence would be irrelevant. In addition, Rule 27 of the Rules of the Supreme Court provides that when an appellant desires to suggest the disqualification of a member of this Court in a case to be submitted, the appellant shall present the matter to the Court before the date of submission of the case.

Petitioner also alleges there was an error in the opinion rendered on appeal. The same argument was made in petitioner's request for rehearing which was denied. The point cannot be raised again under Rule 37.

Petitioner next alleges that former Justice Hollingsworth, a member of the Court when her conviction was affirmed, was a school friend of the victim's husband and that Justice Hollingsworth's law firm had represented him. She further asserts that the victim's husband gave Justice Hollingsworth some unspecified

privileged information before he was appointed to the Court.

■ The unsubstantiated allegation was not raised at the proper time when the case was decided on the merits by this Court. Rule 37 does not authorize a litigant to silently await a decision, and then, if the litigant does not like the result, later claim a judge had some personal bias or prejudice.

■ In the nearly eighty combined pages of petitioner's petition and circuit court petition, she advances a myriad of allegations directed at her attorneys, the prosecution, the circuit court and others. Most of the grounds for relief are based on allegations of errors which petitioner argues are either of constitutional dimension or the result of incompetent counsel. Mere error, however, even if it can be proven, is not good cause to set aside a valid judgment of a jury. Even questions of constitutional dimension must be raised in the trial court or on the record on appeal in accordance with the controlling rules of procedure, or else the issues are waived, unless they are so fundamental as to void the judgment absolutely. *Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985); *Ruiz* v. *State*, 275 Ark. 410, 630 S.W.2d 44, *cert. denied*, 459 U.S. 882 (1982). None of the many points raised by petitioner would void her conviction. Petitioner has also failed to establish that her counsel at trial or on appeal were ineffective.

■ To prove ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient in that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. In addition, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Pruett* v. *State*. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* v. *Washington*. In assessing counsel's conduct, this Court is limited by the allegations as made by the petitioner who is entirely responsible for identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. Even if counsel's conduct can

be shown to be professionally unreasonable, the judgment must stand unless the petitioner demonstrates that the error had a prejudicial effect on the actual outcome of the proceeding. As we find no basis on which to grant postconviction relief in this case, the petition is in all respects denied.

Petition denied.

HOLT, C.J., and PURTLE, J., not participating.