Jerome HENRY *v.* STATE of Arkansas

CA CR 86-3                                710 S.W.2d 849

Court of Appeals of Arkansas
En Banc
Opinion delivered June 11, 1986

*Herman H. Hankins, Jr.*, and *Steven G. Beck*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

ERNIE E. WRIGHT, Special Judge. Appellant, Jerome Henry, was convicted by a jury of burglary and sentenced to five years in prison. For reversal appellant argues that the evidence is insufficient to support the verdict and that the trial court erred in denying appellant's motion to give an instruction on the lesser included offense of criminal trespass. We disagree with appellant's arguments and affirm.

On March 31, 1985, appellant was questioned by the Gurdon Police about a burglary that occurred on March 11, 1985. After being read his *Miranda* rights and signing a rights waiver form, appellant made the following statement:

> I went in the door and got the Vodka and then I got the ring in the dresser drawer and got the checks and went and wrote an $80.00 check and threw the book away. I cashed the check in Beirne, Arkansas, threw the checkbook in the bushes.

Appellant testified that he did not intend to take anything when he entered the mobile home. He stated that he entered Marie White's yard to retrieve his dog and break up a dog fight. It was then that he noticed that the door was ajar. Believing the mobile home to be vacant, he entered just to look around. It was not until he was inside the home and saw the items that he decided to take them.

Marie White testified that when she came home on March 11, 1985, she noticed that the back door was open. She discovered that some rings, a checkbook, cigarettes, an ink pen and a bottle of

vodka were missing. The rings, which were retrieved from the pawnshop to which appellant sold them, were identified by Ms. White as the rings taken from her home. Ms. White testified that she was positive she had locked all of her doors before leaving that day; however, there were no signs of forcible entry.

Appellant admits taking the items from Ms. White's home, but testified that he entered the house through a partially opened door and had no intention of stealing anything when he entered.

Ark. Stat. Ann. § 41-2002 (Repl. 1977) provides:

(1) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

First, appellant argues that there is no substantial evidence to support the verdict convicting him of burglary. The evidence is undisputed that appellant unlawfully entered the home of Ms. White and committed theft by taking items from the home. In reviewing the sufficiency of the evidence on appeal, we affirm if there is substantial evidence to support the verdict. *Pickens* v. *State*, 6 Ark. App. 58, 638 S.W.2d 682 (1982). Substantial evidence has been defined as evidence of sufficient force and character that it will with reasonable and material certainty and precision compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

On appeal we review the evidence in the light most favorable to the state and affirm if there is substantial evidence to support the conviction. *Johnson* v. *State*, 7 Ark. App. 172, 646 S.W.2d 22 (1983). Intent is a state of mind which is not ordinarily capable of proof by direct evidence, but it may be inferred from the circumstances. *Johnson, supra.* Here appellant admitted entering Ms. White's home and taking the items. The jury could reasonably infer that the unlawful entry was accompanied with the intent to commit theft, an offense punishable by imprisonment. *Johnson, supra; Holmes* v. *State*, 288 Ark. 72, 702 S.W.2d 18 (1986). The verdict indicates the jury did not believe appellant's testimony that he did not intend to steal anything when he

entered the home, and the jury was not required to believe the appellant's statement. *Lewis* v. *State*, 7 Ark. App. 38, 644 S.W.2d 303 (1982).

Appellant next argues that the trial court erred in denying his request that the jury be instructed on the lesser included offense of criminal trespass. At the close of the evidence appellant requested that the AMCI 2004 jury instruction on criminal trespass, a lesser included offense under the charge of burglary, be given for the reason that the defendant testified that he did not intend to steal anything when he entered the home. The trial judge denied the request and appellant objected.

In instructing the jury on the offense of burglary the trial court told the jury that to sustain the charge of burglary the state must prove that the defendant "entered the residence of Marie White and second, that he did so with the purpose of committing therein theft of property." The court failed to tell the jury that it could find the defendant guilty if it found that he remained unlawfully in the residence with the purpose of committing theft therein.

The state argues that since appellant did not prepare and offer a proper written instruction on criminal trespass and have it placed in the record, he is precluded on appeal from having this argument decided on its merits.

In order to preserve for appeal an objection to the court's failure to give an instruction, the defendant must proffer the requested instruction. *Shrader* v. *State*, 13 Ark. App. 17, 678 S.W.2d 777 (1984); *Green* v. *State*, 7 Ark. App. 175, 646 S.W.2d 20 (1983). Although appellant's attorney did request a standard AMCI instruction identified only by number and subject, we hold more is required in order to preserve an objection to the refusal to give the instruction. The text of instructions in AMCI require adapting to fit the case before the court, and it was the duty of appellant to prepare and offer the desired instruction. This procedure expedites trial and facilitates compliance with the Arkansas Constitution, Art. 7, § 23, and A.R.Cr.P., Rule 33.3, which make it mandatory that the trial judge, when requested by a party or a juror, deliver to the jury a typewritten copy of the oral instructions given to the jury.

■ In this case the text of the proposed instruction does not appear in the abstract or in the transcript. In *Green, supra,* we held that where appellant's requested instruction does not appear in the abstract or in the transcript we would not consider assigned error for refusal to give the instruction.

Affirmed.