Pae JARREAU *v.* STATE of Arkansas

CR 86-158                                722 S.W.2d 565

Supreme Court of Arkansas
Opinion delivered January 20, 1987

*William R. Simpson, Jr.*, Public Defender, *Deborah R. Salings*, Deputy Public Defender, *Jerry Salings*, Deputy Public Defender, by: *Thomas B. Devine, III*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of rape and two separate counts of aggravated assault. He was sentenced to thirty (30) years on the rape conviction and six (6) years each on the two counts of aggravated assault, all three sentences to run consecutively. On appeal he argues the trial court erred in refusing to grant a mistrial when the state elicited testimony concerning the appellant's decision not to make a statement after he was read his rights. Under the circumstances of this case we do not find the error to be prejudicial.

Evidence presented at the trial included eyewitness accounts of the crimes. However, since this appeal is concerned entirely with one phase of the trial, we will set out only the facts relating to that argument. The sufficiency of the evidence is not argued.

The appellant was tried for rape of one person and aggravated assault on two other persons. During the trial Officer Smith testified that about 3:35 p.m. on December 9, 1985, the appellant gave an oral statement after his rights had been read to him. Officer O'Kelly subsequently testified that he and Officer Thomas read the appellant his rights about 4:35 p.m. on the same day and that he chose not to make a statement at that time. Officer Thomas was present both times the appellant's rights were read to him. Thomas testified that the appellant chose not to make a statement after having been read his rights the second time. The appellant objected to Officer Thomas' testimony as a comment on appellant's right to remain silent and moved for a mistrial. The court overruled the objection and allowed the testimony. However, the state did not pursue this questioning. No limiting instruction was requested.

A defendant's right to remain silent is so paramount we need not cite authority. The prosecution cannot comment on the exercise of this right by an accused. See *Clark*. v. *State*, 256 Ark. 658, 509 S.W.2d 812 (1974). However, the appellant cannot base his claim of reversible error upon testimony which he himself introduced on cross-examination of a state's witness. *Kaestel* v. *State*, 274 Ark. 550, 676 S.W.2d 940 (1982); and *Strode* v. *State*, 259 Ark. 859, 537 S.W.2d 162 (1976). A case quite similar to the present one is *Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982), where we held that it was not reversible error for the state to elicit testimony from an officer that the appellant had stated he

did not want to talk until after he spoke with his attorney. In *Hobbs* the trial court instructed the jury not to consider the testimony. No such instruction was given in the present case nor was one requested.

The appellant relies upon *Doyle* v. *Ohio*, 426 U.S. 610 (1975), where the United States Supreme Court held that it was reversible error to use the appellant's prior silence to impeach his in-court testimony that he had been framed. The Supreme Court had granted certiorari to decide whether such use of a defendant's post-arrest silence violated due process. The *Doyle* Court stated:

> "[W]hile it is true that the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."

In the case before us the appellant's prior silence was not used to impeach him. The defense objection concerning the reference to the appellant's post-arrest silence came during the testimony of Officer Thomas. In fact, there was no objection to the testimony of Officer O'Kelly, who testified immediately before Thomas, even though O'Kelly's testimony was identical to the testimony of Thomas.

The state relies on *Chapman* v. *California*, 386 U.S. 18 (1967), where the harmless error rule was considered. The *Chapman* decision stated: "[B]efore a federal constitutional error can be held harmless, the Court must be able to declare a belief that it was harmless beyond a reasonable doubt." We considered both *Chapman* and *Doyle* in our recent decision in *Numan* v. *State*, 291 Ark. 22, 722 S.W.2d 276 (1987). In *Numan* we weighed the gravity of the error against the evidence of guilt. We determined that the error was slight in comparison to the overwhelming evidence of guilt. We went on to explain: "We weigh the evidence in the second stage because even slight error cannot be said to be harmless in a case in which the question of guilt or innocence is a close one, but it can be in a case where the evidence of guilt is overwhelming." The evidence of guilt was not a close one here; it was more than conclusive.

As stated in *Hobbs*, we will do a case by case evaluation to determine whether the error is harmless. However, we point out that the prosecution is on dangerous ground and courting prejudicial error when any reference is made concerning an accused's election to remain silent. In many cases such a reference would be reversible error. The safest practice is to refrain from bringing the matter to the jury's attention.

In the present case the state did not mention the post-arrest silence again after the appellant objected. Also, the same testimony was already before the jury in the testimony of Officer O'Kelly. With the abundant evidence of the appellant's guilt, we can say without reasonable doubt that the error was harmless. In a case where the question of guilt or innocence is a close one, the result might be different.

Affirmed.