Arthur JURNEY *v.* STATE of Arkansas

CR 88-25                                   766 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered February 27, 1989

92

*The More Head Practice*, by: *Evelyn L. Moorehead*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Arthur Jurney was convicted of cutting his mother with a knife and raping her. He was sentenced to six years imprisonment and a $10,000 fine for second degree battery and life imprisonment for the rape. We affirm the convictions.

Jurney is a 32 year old alcoholic. At trial he admitted cutting his mother but said he had no recollection of the rape. He makes four arguments on appeal, all of which we find meritless.

■ First, he claims he is entitled to a new trial because two pretrial hearings were not recorded by the court reporter. Jurney's lawyer did not ask that a record be made of the hearings. After an appeal was brought, we remanded the case to settle the record, and the judge did so. The appellant has not complained that the settlement of the record is inadequate. We have recognized that Rule 6 of the Arkansas Rules of Appellate Procedure is an effective tool for reconstructing the record. *Holiday Inns, Inc. v. Drew*, 276 Ark. 390, 635 S.W.2d 252 (1982).

Next, the appellant alleges he was entitled to have a court appointed psychiatrist observe the victim's testimony and determine her competency. Two days before trial, he filed a motion claiming his mother was suffering from mental disease or defects.

■ There is some support for the proposition that a court has the discretion to order a psychiatric examination of a prosecuting witness if compelling reasons are shown on the record. *See, e.g., Murphy* v. *Superior Court*, 142 Ariz. 273, 689 P.2d 532 (1984). But here, the appellant could not present any evidence to back up his claim. We cannot say the court abused its discretion in denying the motion. *See Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

■ The appellant remained in jail fourteen months awaiting trial. He filed a motion to be released on his own recognizance under A.R.Cr.P. Rule 28.1(a). The judge refused to release him but set a trial date. The trial was conducted within

eighteen months of his arrest, so the speedy trial provisions of the Rules of Criminal Procedure were not violated. Even if the trial judge erred in not releasing the appellant, we have held that a dismissal of the charges is not required. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). The appellant has been unable to demonstrate any prejudice to his case resulting from the delay. *See Halfacre* v. *State*, 292 Ark. 329, 731 S.W.2d 182 (1987).

Finally, the appellant argues that the victim should not have been allowed to testify about his prior violent acts. When asked if this was the first time the appellant had been violent to her and her husband, the victim said no, he had pulled a knife on her before and hurt his father several times. An objection was sustained.

When asked why she left town shortly after the incident, the victim replied that she feared her son would get out of jail and hurt her or her husband. Again, an objection was sustained.

■ The appellant got the relief he requested. Since he did not ask for either an admonition or a mistrial, we find no error. *Daniels* v. *State*, 293 Ark. 422, 739 S.W.2d 135 (1987).

We find the record contains no other reversible errors. Ark. Sup. Ct. Rule 11(f).

Affirmed.