Nylon VICK *v.* STATE of Arkansas

CR 89-2                                                  770 S.W.2d 653

Supreme Court of Arkansas
Opinion delivered May 30, 1989

*James P. Massie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Nylon Vick was convicted of two counts of rape and one count of kidnapping and sentenced to 140 years imprisonment. For reversal, he argues that the prosecution violated his fourteenth amendment right to a fair trial by asking him about his post-arrest silence. *See Doyle* v. *Ohio*, 426 U.S. 610 (1976); *Numan* v. *State*, 291 Ark. 22, 722 S.W.2d 276 (1986). We find no error under the circumstances and affirm.

In the early evening hours of June 22, 1988, the victim, who was selling books door to door on 10th Street in Little Rock, knocked on the door of appellant Vick's residence. He invited her in, and she began making her sales presentation. As she was doing so, Vick excused himself and returned with a gun. After making her smoke drugs, he raped her. Shortly thereafter, he took her to a house near Park Lane and College Streets where he bought drugs. They returned to his residence, and he raped her again. The next day Vick and the victim went to a fast food restaurant. After returning home, he raped her again. On the following morning she escaped, went to his neighbor's house, and called the police. Later that day she identified Vick in a photo lineup. The police issued an arrest warrant. Subsequently, Vick learned the police were looking for him and turned himself in.

At trial the prosecutor repeatedly questioned Vick on cross-examination concerning the reason he did not tell police at and after the time of arrest the exculpatory version of the facts he was giving at trial. Vick answered by stating that "the police did not ask me" and "[m]y lawyer had already warned me that I didn't have to make a statement unless I wanted to." After the prosecution asked and Vick answered numerous questions on this matter, defense counsel objected. The trial court sustained the objection. Thereafter, the prosecutor made no further reference to Vick's silence at or after the time of arrest.

We need not consider the merits of Vick's claim that the prosecution violated his fourteenth amendment right to a fair trial by asking him about his post-arrest silence as Vick received all the relief from the trial court that he requested. His counsel objected to the line of questioning, and the trial court granted his wish by sustaining the objection. No further mention was made of Vick's silence. Since Vick requested neither an admonition nor a

mistrial, no reversible error occurred. *Jurney* v. *State*, 298 Ark. 91, 766 S.W.2d 1 (1989); *Daniels* v. *State*, 293 Ark. 422, 739 S.W.2d 135 (1987).

Affirmed.