Randy BOWEN *v.* STATE of Arkansas

CA CR 79-108                                        598 S.W. 2d 447

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

*Michael Dabney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. Appellant, Randy Bowen, age 23, was convicted of the felony of Interfering with a Law Enforcement Officer and sentenced by the jury to three (3) years imprisonment. He appeals.

On the night of December 3, 1978, Bowen and his

brother were drinking in Omar's, a Fayetteville night club. Bowen's testimony was he had been drinking most of the day and since coming to Omar's had been ordering straight shots of Pure Grain Alcohol (PGA) for several hours. The bartender at one point refused to serve Bowen another drink. Bowen began to cause trouble with the proprietor, Mr. Saifi, who called the police. Bowen refused to leave the establishment and physically attacked an officer Logue, knocked him to the floor and pummelled him. Bowen testified he remembered being on the floor but did not remember anything after that because he "blacks out whenever he drinks". Bowen described himself as an alcoholic and testified he had been drinking since he was 12 years old, and frequently blacked out.

Bowen was charged with the Interference with a Law Enforcement Officer. He has affirmatively plead the defense of intoxication. In a conference on jury instructions, the defense counsel attempted to amend AMCI 4005 to prevent the introduction of the third section which states:

> That the intoxication was not the result of knowingly taking a substance which he knew or ought to have known would cause him to be intoxicated.

The defense counsel argued in a "specific intent" crime, voluntary intoxication is a proper defense. Counsel for the prosecution objected to any modification, giving as his reason the law of Arkansas requires the instructions to be followed without modification.

Bowen alleges error in the court's instruction to the jury that in order to establish the affirmative defense of intoxication, the defendant must prove the intoxication was *not* self-induced. Bowen also alleges error in the court's characterization of the crime of Interference with a Law Enforcement Officer as not being a crime of specific intent.

The crime as defined in Ark. Stat. Ann. § 41-2804, is committed by a person,

> . . . if he *knowingly* employs or threatens to employ force

against a law enforcement officer engaged in performing his official duties. . .

The requisite mental state of "knowingly" is defined in Ark. Stat. Ann. § 41-203(2) as:

"Knowlingly." A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such attendant circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

This definition of "knowingly" indicates the person must be mentally aware of the nature of his conduct, but it doesn't indicate whether the same "awareness" is reasonably equivalent or similar to "intent". Does the word "knowingly" require specific intent to commit a crime?

AMCI 4005 is a model instruction designed to explain Ark. Stat. Ann. § 41-207. § 41-207 reads:

Intoxication. — (1) Intoxication that is not self-induced is an affirmative defense to a prosecution if at the time a person engages in the conduct charged to constitute the offense he lacks capacity to conform his conduct to the requirements of the law or to appreciate the criminality of his conduct.

(2) For the purpose of this section:

(a) "intoxication" means a disturbance of mental or physical capacities resulting from the introduction into of alcohol, drugs, or other substances into the body;

(b) "self-induced intoxication" means intoxication caused by a substance which the actor knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know.

The original subsection (1) of § 41-207 allowed the defense of

voluntary intoxication but it was repealed in 1977. In *Varnadere* v. *State,* 264 Ark. 596, 573 S.W. 2d 57 (1978) the court stated:

> By amending § 41-207 to remove self-induced intoxication as a statutory defense, the legislature in effect, reinstated any prior Arkansas common law on the subject. . . . in crimes such as burglary, where a specific statutory intent is required, a different standard must be applied.

In *Olles & Anderson* v. *State,* 260 Ark. 571, 542 S.W. 2d 755 (1976), the court stated:

> . . . Still, when an offense can be committed only by doing a particular thing with a specific intent, it may be shown that an accused was so drunk at the time of the crime that he could not have entertained or formed the necessary intent. . .

The Arkansas Common law developed that voluntary intoxication is a defense to crimes requiring a "specific intent".

The crux of Appellant's contention is the question, Is Interference with a Law Enforcement Officer a crime requiring specific intent so as to make his self-induced intoxication a defense and therefore entitling him to an instruction stating such? Does "knowingly" as used in § 41-2804 impart a "specific intent" to the crime or merely the "general intent" necessary in the commission of *any* crime? Being aware of one's actions does not encompass the mental state required for a crime of specific intent. One may be cognizant of the circumstances and one's actions yet not intend the result of them. The Idaho Supreme Court in *State* v. *Booten*, 85 Ida 51, 375 P. 2d 536, 538-539 (1962) stated the following:

> The proof is uncontroverted that the check itself was forged and that the defendant presented the check to Fields. Passing or uttering a check consists of presenting it for payment. (Cite) The allegation that the defendant "knowingly, willfully, unlawfully, intentionally and feloniously, etc., did pass and utter" the check in

question raises an issue of fact for resolution by the jury; The allegation of "knowingly" and "intentionally" has reference to the general criminal knowledge and intent, and not to the specific intent and knowledge to such general criminal knowledge, wilfulness, unlawfulness and intent, the jury can infer them from the facts and circumstances surrounding the commission of the crime itself. (Cites) The word "intent" as so used has been construed to mean not an intent to commit a crime, but is merely the intent knowingly to perform the interdicted act.

We hold a crime with "knowingly" as the requisite mental state does not require a specific intent. Therefore, self-induced intoxication is *not* a defense to the crime of Interference with a Law Enforcement Officer. The court committed no error in refusing to instruct the jury on the affirmative defense of self-induced intoxication.

Affirmed.