George Randolph BROWN v.
STATE of Arkansas

CA CR 83-109                              671 S.W.2d 228

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Howell, Price & Trice, P.A.,* by: *Robert J. Price,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was arrested when a police officer passing a drugstore at Baseline and Scott Hamilton Drive in Little Rock, Arkansas, shortly after 1:00 a.m. on August 11, 1981, heard a burglar alarm sounding and found appellant inside the pharmacy putting bottles into a cardboard box. He was charged with burglary, tried to a jury and convicted, and, as an habitual offender, received a sentence of 20 years in prison.

The appellant asked for a jury instruction on criminal trespass as a lesser included offense and it is the refusal of the

trial court to give this instruction that is the basis of the argument on appeal.

Burglary is defined as entering or remaining unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.[1] Ark. Stat. Ann. § 41-2002 (Repl. 1977). Criminal trespass is purposely entering or remaining unlawfully in or upon a vehicle or the premises of another person. Ark. Stat. Ann. § 41-2004 (Repl. 1977). Criminal trespass is complete upon the making of an unlawful entry. No intent to engage in further unlawful conduct is necessary.

Criminal trespass was held to be a lesser included offense of burglary in the case of *Bongfeldt v. State,* 6 Ark. App. 102, 639 S.W.2d 70 (1982). That case involved a man who broke into his former employer's place of business and took some gasoline. He testified that he entered the building only intending to borrow the gasoline and was going to pay for it the next morning. We reversed his conviction on the basis that the lesser included offense of criminal trespass should have been included in the instructions to the jury. We said if there is the slightest evidence tending to disprove one of the elements of the larger offense, it is error to refuse to instruct on the lesser included offense. Appellant points to evidence that he had been drinking heavily for at least twelve hours prior to the time he was arrested and contends he was too intoxicated to form the necessary mental intent to commit an offense punishable by imprisonment. Therefore, he argues it was error to refuse to instruct on criminal trespass.

We agree that the court should have given an instruction on the lesser included offense of criminal trespass. That offense requires a purposeful intent. We have held that voluntary intoxication is an affirmative defense to a crime that requires a purposeful intent. *Gonce v. State,* 11 Ark. App. 278, 669 S.W.2d 490 (1984); *Bowen v. State,* 268 Ark. 1088, 598 S.W.2d 447 (Ark. App. 1980). Certainly the

---

[1]Entry to commit a misdemeanor punishable by imprisonment in county jail is sufficient to constitute burglary. See the Commentary to Ark. Stat. Ann. § 41-2002 (Repl. 1977).

appellant could have been too intoxicated to have the specific intent to commit one of the crimes but not the other and he was entitled to an instruction on the lesser included offense of criminal trespass. *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972).

Reversed and remanded.

CRACRAFT and GLAZE, JJ., agree.