**UNITED STATES of America, Appellee,**

v.

**Carl R. HOOD, a/k/a Roy E. Hawkins, Appellant.**

No. 84–1525.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Nov. 5, 1984.

Morgan E. Welch, North Little Rock, Ark., for appellant.

Michael D. Johnson, Washington, D.C., for appellee.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

Before HEANEY, ROSS and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

On August 15, 1982, Carl Hood was charged by indictment with wire fraud, 18 U.S.C. § 1343, mail fraud, 18 U.S.C. § 1341, and conspiracy, 18 U.S.C. § 371. On March 21, 1984, after a trial by jury, Hood was found guilty on the conspiracy and wire fraud charges, but not guilty on the mail fraud charge. He was sentenced to consecutive five-year terms by the district court.[1] This appeal followed.

## I. FACTS

The appellant was indicted with his son, Randy Hawkins, for their involvement in a scheme whereby building supply materials were obtained on credit and then disposed of, without payment, for profit. Hawkins pled guilty to the conspiracy count, and testified at his father's trial. In return for his testimony the government dismissed the wire and mail fraud charges against him.

Before trial Hood filed a motion to suppress certain evidence which he claimed was obtained by a warrantless search. The district court denied the motion. During trial, he filed a motion *in limine* to preclude the government from using a prior conviction to impeach him. The district court also denied this motion. After the trial Hood filed a motion for a new trial on the basis that the judge erred in refusing to give a jury instruction regarding the testimony of an accomplice. The motion was denied and this appeal followed.

## II. ISSUES

1. Whether the district court erred in denying the appellant's motion to suppress evidence discovered by a private party;

2. Whether the court erred in ruling that the government could impeach the appellant with a prior conviction; and

3. Whether the district court erred in refusing to give appellant's proposed

jury instruction, giving a coconspirator instruction instead.

## III. DISCUSSION

### A. *Motion to Suppress*

▮ When the companies from which Hood had acquired the building materials became aware that they were victims of a fraudulent scheme, they began efforts to locate the appellant and his son. Gilbert Firth, president of one of the defrauded companies, undertook efforts to recover materials which his company had sold to the appellant. As a result of his efforts, Firth discovered records in an abandoned office previously occupied by Hood. He turned the records over to FBI agents who were conducting a criminal investigation.

Hood filed a motion to suppress claiming the evidence was the product of a warrantless search sanctioned and encouraged by the FBI. The district court denied the motion, stating:

> [T]he FBI had absolutely nothing to do with any of those searches. They did not encourage Mr. Firth to make those searches; they didn't direct him to. They had no prior knowledge that he was conducting those searches, and at the time he was not acting as an agent of the FBI.
>
> *     *     *     *     *     *
>
> [T]here is nothing wrong with a private citizen turning information over to the government * * * once that information comes into the hands of a private citizen.
>
> In conclusion, I find that all the material which Mr. Firth turned over to the government was material which he obtained as a private citizen in pursuit of his own efforts to collect the debts that he thought were owing to his company; that none of the information was obtained by or at the direction of the FBI or the United States Attorney's Office.

In *United States v. McGlynn*, 671 F.2d 1140 (8th Cir.1982), this court held that "a district court's determinations, made in the context of a motion to suppress, * * * are to be reviewed under the 'clearly erroneous' standard." *Id.* at 1143. Here the district court specifically found that Firth was not acting as an "agent" for the FBI. The record clearly supports this determination. Accordingly, the court's findings will not be disturbed. *Id.* at 1143. Absent governmental involvement, suppression is not required. *See United States v. Wedelstedt,* 589 F.2d 339, 346 (8th Cir.1978).[2]

### B. *Impeachment with Prior Conviction*

Hood filed a motion *in limine* to prevent the government from using a prior conviction involving the same type of scheme to impeach him. The district court found the conviction to be within the limits set forth in FED.R.EVID. 609(a). The court specifically found that the probative value of admitting the prior conviction outweighed the potential prejudice; therefore, the motion was denied.

▮ A defendant is not entitled to an advance determination of the scope of cross-examination concerning prior convictions before he takes the stand. *See United States v. Key,* 717 F.2d 1206, 1208 (8th Cir.1983). The better practice is for the trial court to make an on-the-record finding that the test weighs in favor of, or against, the admission of the prior conviction. *Id.* "The weighing of probative value against prejudicial effect is committed to the sound discretion of the trial court, and absent an abuse of discretion evidentiary rulings will not be disturbed on appeal. *United States v. Foley,* 683 F.2d 273 (8th Cir.), *cert. denied,* 459 U.S. 1043, 103 S.Ct. 463, 74 L.Ed.2d 613 (1982)." *Id.* at 1209. As stated above, the district court specifically determined that the impeachment material

---

**2.** None of the material provided by Firth was used in the appellant's trial. Hood nonetheless claims that evidence which was admitted was discovered only as a result of the allegedly illegal searches, and, therefore, such evidence was the "fruit of the poisonous tree." Because we hold that Firth did not conduct the search at the request of the government, any evidence discovered as a result of Firth's search was admissible. *See United States v. Wedelstedt,* 589 F.2d 339, 346 (8th Cir.1978).

was within the confines of FED.R.EVID. 609(a). There being no abuse of discretion shown regarding this determination, the conviction was properly admissible. *See United States v. Moore*, 735 F.2d 289, 293 (8th Cir.1984).

### C. *Accomplice Jury Instruction*

Prior to instructing the jury, the district court provided both parties with a copy of the jury instructions for their review. An accomplice instruction was not included. Appellant's counsel, at the time of his objections, did not mention the absence of such an instruction. After the court instructed the jury, and counsel presented final arguments, the following colloquy occurred:

MR. WELCH: Could we approach the bench, Your Honor?

THE COURT: Yes, sir.

(Bench conference)

MR. WELCH: I did not inquire about this earlier, but I had offered one other jury instruction on accomplice testimony. And I don't think I asked if the Court ruled on that instruction. It's the A.M. C.I. that I submitted at the break.

THE COURT: I didn't have it; I didn't put that one in the packet I gave.

MR. WELCH: We have testimony from an accomplice and no instruction about that, and I would ask that it be given before the jury is released to deliberate.

THE COURT: I hate to give one instruction.

MR. JOHNSON: I would hate to isolate it, Judge. If I could see the particular wording of the instruction, we might have no objection.

MR. WELCH: Our point in this regard is, we offered A.M.C.I. 403 before and it was inadvertently left out of the packet when the packet was read to the jury.

And there's no question, an accomplice, · alleged accomplice has testified.

MR. JOHNSON: Your Honor, I think we might be able to agree to giving of some accomplice instruction with the Court making a reference to the fact that it was inadvertently omitted from the other instructions and should not be singled out and no inference should be drawn from the fact that it's being given now, different from the others, and also, with specific comment, I think, it is for the jury to determine whether the evidence was—

THE COURT: Okay. As soon as she gets down here with it, I'll let you look at it.

(Bench conference concluded.)

THE COURT: Ladies and gentlemen, we have a little problem. We had one instruction which was inadvertently omitted * * *.

The court went on to give what amounted to a coconspirator instruction rather than an accomplice instruction.[3] Appellant claims this error required that he be afforded a new trial.

■ It is well established that a defendant is entitled to an instruction if "a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law." *United States v. Lewis*, 718 F.2d 883, 885 (8th Cir.1983). In this case the request was not timely; it also incorrectly stated the law. The proffered instruction stated: "A person cannot be convicted of a felony upon the uncorroborated testimony of an accomplice." However, evidence corroborating the testimony of an accomplice is not essential to sustain a conviction. *See United States v. Cady*, 495 F.2d 742, 745 & n. 1 and 2 (8th Cir.1974). Furthermore, where there is significant corroborating evidence, an accomplice instruction is not required. *See United States v. Holt*, 427 F.2d 1114,

3. The court instructed the jury as follows:

In other words, before you can hold Mr. Hood accountable for the statements or acts of Mr. Hawkins, you must find beyond a reasonable doubt, first, that a conspiracy existed, and that Mr. Hood and Mr. Hawkins were members of a conspiracy; second, that the statement was made or the act was done during the life of the conspiracy, and, third, that the statement made or the act done was in the furtherance of some purpose of the conspiracy.

1117–18 (8th Cir.1970). The request was not timely, nor did the instruction correctly state the law, accordingly, failure to include an accomplice instruction is not reversible error in this case.

■ The court erred in giving the coconspirator instruction, but this error was not so prejudicial as to require reversal. First, the jury was required to find beyond a reasonable doubt that a conspiracy existed between Hood and Hawkins, which is much more than the jury would have had to find to accept Hawkins' testimony under a correct accomplice instruction.[4] Additionally, when the instructions are taken as a whole, it is clear the jury was adequately instructed regarding weighing the credibility of testimonial evidence. Furthermore, the evidence of guilt was so overwhelming in this case that we do not believe the instruction so confused the jury as to prejudice the appellant. Any error committed was harmless. See FED.R.CRIM.P. 52(a).

### D. *Additional Claims*

■ At oral argument appellant's counsel raised an additional claim not delineated in the briefs. Counsel alleged that meaningful cross-examination of Hawkins was foreclosed by the district court. Specifically he claimed that he was unable to demonstrate Hawkins' bias and his agreement with the government, because of the possibility that Hawkins' guilty plea would be used as evidence of the appellant's guilt. *Cf. United States v. Roth,* 736 F.2d 1222, 1226–27 (8th Cir.1984). As this issue was not briefed we do not have an obligation to address it. *Cf. Holt v. Sarver,* 442 F.2d 304, 307 (8th Cir.1971); FED.R.APP.P. 28(a)(4). Nonetheless, we have examined the record and have determined that no prejudicial error was committed by the district court.

Shortly before this court heard arguments in this case counsel for the appellant filed a motion to remand the action to the district court to allow it to hear a motion for a new trial on the basis of newly discovered evidence. *See* FED.R.CRIM.P. 33. Appellant's counsel alleged therein that Hawkins' testimony was obtained under coercion and duress. On September 11, 1984, this court entered an order denying the appellant's motion. Nothing in this opinion, nor our September 11 order, precludes the appellant from raising this issue in a later proceeding in the district court.

### IV. CONCLUSION

We have examined the appellant's remaining arguments and find them to be without merit. Accordingly, we affirm his conviction.

---

4. Hood was charged with a conspiracy. In such circumstances evidence of one coconspirator's overt act in furtherance of the conspiracy may be received against another coconspirator.