Cephus MENARD *v.* STATE of Arkansas

CA CR 85-86                                      699 S.W.2d 412

Court of Appeals of Arkansas
Division I
Opinion delivered November 27, 1985

220

*Acchione & King*, by: *Harold King*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The sole issue on appeal in this criminal case is whether the appellant was too intoxicated to form the *mens rea* necessary to commit the crimes of third degree escape and refusal to submit to a chemical test for intoxication. We affirm the lower court and hold that the common law defense of voluntary intoxication is no defense to the above stated crimes, because they do not require specific criminal intent.

An Arkansas state trooper observed the appellant driving in an erratic manner on April 27, 1984. The trooper promptly arrested the appellant for DWI, it being obvious from further observations that the appellant was highly intoxicated. While the

trooper was taking inventory of the appellant's car, the appellant managed to escape from the patrol car. He was quickly apprehended attempting to crawl away from the patrol car. The appellant tried to escape enroute to the county jail, disembarking from the patrol car while it was in motion. The arresting officer eventually delivered the appellant to the county jail, where another officer obtained the appellant's signature on a statement of rights form. The officer was not able to obtain a satisfactory breath sample from the appellant, however, because the appellant feigned blowing into the breathalyzer.

The appellant was convicted of DWI, refusal to submit to the breath test, and third degree escape. Although the appellant concedes the DWI conviction, he argues on appeal that he was too intoxicated to be capable of forming "the necessary intent to plan an escape or to refuse the test." We find no merit in the appellant's contentions because neither of the statutory violations require a specific criminal intent; the escape and refusal to take the breath test need not have been planned.

Arkansas Statutes Annotated § 41-2812(1) (Repl. 1977) provides that "[a] person commits the offense of third degree escape if he escapes from custody." Under Ark. Stat. Ann. § 75-1045(d) (Repl. 1979), a person may be guilty of refusing to submit to a chemical test for intoxication, such as the breathalyzer test, if the judge determines that the arresting officer had reasonable cause to believe the person arrested had been driving while intoxicated "and the person *refused to submit to the test.*" (Emphasis added.) It is obvious that the above quoted statutes do not specify the culpable mental state required to be established by the prosecution. Therefore, according to Ark. Stat. Ann. § 41-204(2) (Repl. 1977), culpability is established if the accused acts purposely, knowingly *or* recklessly. *Coleman* v. *State*, 12 Ark. App. 214, 671 S.W. 2d 221 (1984). It follows that specific intent is not a necessary element of these crimes; the *mens rea* may be satisfied by proof that the accused acted recklessly or knowingly, as well as by proof that the accused acted purposely.

The common law defense of voluntary intoxication was reinstated in Arkansas after the legislature amended Ark. Stat. Ann. § 41-207 (Repl. 1977) to remove self-induced intoxication as a statutory defense. *Varnedare* v. *State*, 264 Ark. 596,

573 S.W.2d 57 (1978). At common law, voluntary intoxication was available as a defense only to those crimes which required specific intent. *Bowen* v. *State*, 268 Ark. 1088, 598 S.W.2d 447 (Ark. App. 1980). A crime with "knowingly" as the requisite mental state does not require a specific intent, so that self-induced intoxication is not a defense. *Bowen, supra.* Voluntary intoxication is likewise no defense to a crime with a lesser *mens rea*, such as "recklessly," because specific intent is not required. We now hold that since a conviction of third degree escape or refusal to submit to a chemical test can be based on any of three culpable mental states, by operation of Ark. Stat. Ann. § 41-204(2) (Repl. 1977), these crimes are general intent crimes for which voluntary intoxication is no defense.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.