977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lee E. JONES, Appellant,
v.
Jim M. JONES, Fred King, Wayne Hawkins, and Sue Labuary, Appellees.
 No. 91-2675.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: October 9, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an action brought under 42 U.S.C. § 1983 by a prisoner who alleges that medical treatment provided him by the State of Missouri was so substandard as to amount to a deprivation of his constitutional rights. Following a verdict and judgment in favor of defendants, plaintiff brought this appeal. He alleges three errors: That the trial court erred in allowing his opponent to cross-examine him about the offense for which he was incarcerated; that the trial court erred in allowing one of the defendants to say, in the presence of the jury, that it was time for plaintiff's insulin shot; and that the verdict was against the weight of the evidence.
 
 
 2
 We find no merit in plaintiff's arguments and therefore affirm the judgment below.
 
 I.
 
 3
 On cross-examination, counsel for defendants questioned plaintiff as to the offense for which he was imprisoned. Plaintiff's counsel objected on the ground of relevance and the objection was overruled; but counsel now asserts that the trial court erred in not applying the balancing test of Fed. R. Ev. 403 as required by Fed. R. Ev. 609(a)(1). In the first place, we think that counsel's objection was too general to raise the issue he now wishes to argue. While an explicit finding as to admissibility is obviously desirable, see, e.g., United States v. Hood, 748 F.2d 439, 441 (8th Cir. 1984), we think that the objecting party is obligated to call the necessity of balancing to the attention of the trial judge before he will be heard to complain that the balancing was incorrectly done. In the second place, even if the trial court's failure to make a statement of reasons for admitting a prior conviction was error, that error can be harmless. See United States v. Walker, 817 F.2d 461, 464 (8th Cir. 1987), cert. denied, 484 U.S. 863 (1987). We hold, in any event, that, under the circumstances of this case, it would not have been error to strike the balance in favor of the admissibility of this evidence.
 
 II.
 
 4
 Plaintiff also asks the court to discern error in the trial judge allowing one of the defendants, namely Dr. King, to state, in the presence of the jury, that it was time for plaintiff's insulin shot. Plaintiff states that the jury "could have inferred and probably did infer from the comment that Dr. King was greatly concerned with Mr. Jones's health and well-being" and thus, the argument runs, plaintiff was prejudiced. We do not believe that plaintiff's contention has merit. Plaintiff's counsel did not make a timely objection to the witness's statement; nor did he ask for a cautionary instruction to the jury. Furthermore, we do not think that the error here, if any, affected a substantial right of plaintiff, and we therefore find it harmless. See Fed. R. Civ. P. 61.
 
 III.
 
 5
 We also find plaintiff's assertion that the verdict was against the weight of the evidence to be unconvincing. We need not recite all the evidence that supports the jury's verdict. We note only that plaintiff's and defendants' versions of the material facts, especially with respect to the nature of plaintiff's complaints to his doctors, were widely divergent. The jury chose not to believe plaintiff and was well within its prerogative in doing so.
 
 IV.
 
 6
 For the reasons adumbrated, the judgment below is affirmed.