Joe NEWTON & Randal Newton *v.* Danny CHAMBLISS

93-1054                                               871 S.W.2d 587

Supreme Court of Arkansas
Opinion delivered March 14, 1994

*Crumpler, O'Connor & Wynne*, by: *Williams J. Wynne*, for appellants.

*Odell C. Carter*, for appellee.

TOM GLAZE, Justice. The appellant Joe Newton purchased a used 1986 Nissan 200SX for his son, co-appellant Randal Newton, and Randal had a custom sound system installed in the vehi-

cle. After the vehicle developed transmission problems, it was taken to appellee Danny Chambliss who was in the business of performing such repairs. After the initial repair, subsequent problems arose which were still under warranty, and the vehicle was returned to Chambliss. While the vehicle was in the possession of Chambliss for the third repair, the vehicle was broken into, vandalized, and components of the sound system were stolen. The vehicle was in Chambliss's custody from November 3 or 10 until repairs were performed on January 4. The break-in occurred either on December 26 or 27. The Newtons filed suit against Chambliss, as a bailee for hire, alleging Chambliss was negligent and requesting he pay damages that resulted to the Newtons' vehicle.

At trial, the undisputed testimony showed that Chambliss's auto repair shop is located about four and three-fourths miles from Star City, Arkansas, and is a one-stall garage positioned between Chambliss's motor home and his mother's house. Chambliss testified that the garage was approximately 50 yards from both his motor home and his mother's house, and that there are two night watcher lights — one on the front of the shop and one on a pole near his mother's house. In addition, Chambliss has three yard dogs. Chambliss testified that the Newtons' vehicle was broken into either during the night of December 26 or the early morning of December 27, it was raining during this time, he did not hear anyone break into the vehicle, and the dogs did not bark. The jury returned a defendant's verdict in favor of Chambliss.

On appeal, the Newtons raise four points, three of which challenge certain jury instructions and one questions the trial court's rejection of a proffered instruction. However, we are unable to reach the merits of their appeal because the abstract of record is deficient.

The record as abstracted contains three instructions and one proffered instruction, but it fails to reflect the Newtons' objections to the instructions, much less the reasons for these objections. Nor does the abstract show any objection to the Newtons' proferred instruction or reason for its exclusion.

No party may assign as error the giving or failure to

give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection. ARCP Rule 51. In addition, Sup. Ct. R. 4-2(a)(6) requires an abstract to contain those material parts of the record which are necessary for an understanding of the questions put before this court. Here, no objections to the instructions in issue have been abstracted and, therefore, we are unable to reach the issues raised in this appeal. This court has stated numerous times that it will not go to the single record to determine whether reversible error has occurred. *First Nat'l Bank of Brinkley* v. *Frey*, 282 Ark. 339, 668 S.W.2d 533 (1984).

Finally, the abstract is bereft of any rulings made by the court on any objections to the instructions given or the one proffered. This alone is fatal to the Newtons' appeal since failure to obtain a ruling on an issue below results in waiver of that issue on appeal. *Morgan* v. *Neuse*, 314 Ark. 4, 857 S.W.2d 826 (1993). Therefore, we affirm.

CORBIN, J., not participating.