John Douglas MARTIN v. STATE of Arkansas

CA CR 93-228                                    879 S.W.2d 470

Court of Appeals of Arkansas
Division I
Opinion delivered July 6, 1994
[Supplemental Opinion on Denial of Rehearing
September 28, 1994.*]

*Cooper, J., not participating; Mayfield, J., dissents.

*John Wesley Hall, Jr., P.A.*, by: *Craig Lambert*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant John Douglas Martin was convicted of first degree murder and kidnapping for which he was sentenced to consecutive terms of twenty years and ten years, respectively. Martin now appeals, arguing that the evidence is insufficient to support the convictions. Alternatively, Martin contends that the trial court erred in refusing to instruct the jury on the lesser included offense of second degree murder. We find no error and affirm.

The only direct evidence against Martin came through testimony given by his nephew, Adell Henry. Henry testified that he and Martin traveled in Martin's gold Cadillac from their home in Lawton, Oklahoma to Little Rock, arriving on the evening of October 11, 1991. While Martin slept in his car that night, Henry visited an old girlfriend and stayed until the morning. When Henry returned to the vehicle, Martin got in the driver's seat and drove to Philander Smith College. He got out of the car and met with his estranged wife, Felicia. Felicia was

employed in the cafeteria at Philander Smith. She entered the building where she worked, came back out, and talked to Martin again. Some time thereafter, Martin opened the back passenger door and pushed her into the car, laying on top of her. Martin instructed Henry to drive off. Henry complied. While driving, Henry heard Felicia choking and gasping for air. Martin then told Henry to pull over, and Martin got in the driver's seat and drove to Fourche. He stopped the car, handed Henry some gloves, and asked Henry to help him remove Felicia from the car. They put her body in some weeds, and proceeded back to Oklahoma. Later that day, Felicia's body was discovered in the area described by Henry.

Martin's first argument for reversal is that sufficient evidence does not support the verdicts because the accomplice testimony of Adell Henry is inadequately corroborated. Arkansas Code Annotated § 16-89-111(e)(1) (1987) provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

The corroborating evidence need not be sufficient standing alone to sustain the conviction, but it must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). In other words, the test is whether, if the testimony of the accomplice were completely eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Daniels* v. *State*, 308 Ark. 53, 821 S.W.2d 778 (1992). On appeal, it is this court's duty to determine whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient. *Smith* v. *State*, 310 Ark. 247, 837 S.W.2d 279 (1992).

We will not consider the merits of Martin's argument because this point has not been preserved for appeal. The sufficiency of the evidence is challenged by a motion for directed ver-

dict. Arkansas Rules of Criminal Procedure 36.21(b) provides the following:

> Failure to Question the Sufficiency of the Evidence. When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

The above rule has been strictly construed, and the supreme court has consistently stated that the burden of obtaining a ruling is on the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *Donald* v. *State*, 310 Ark. 197, 833 S.W.2d 770 (1992). In *Donald*, the appellant renewed his motion for directed verdict at the close of the evidence but did not obtain a ruling. As a result, his sufficiency argument was not considered on appeal. In the instant case, Martin moved for a directed verdict after the state rested on the ground that no substantial evidence connected him with the commission of the offense except for the testimony of the accomplice, Adell Henry. The court denied that motion. After calling one witness, the defense rested. The court then inquired "show the motions renewed?" and counsel for Martin replied "yes." The above exchange does not amount to a motion for directed verdict, and even if it does the defendant failed to obtain a ruling on the motion. Furthermore, even if counsel's answer "yes" to the court's inquiry constituted a motion for directed verdict, it falls far short of meeting the requirement that the moving party apprise the trial court of the specific basis on which the motion is made. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994), *and see Brown* v. *State*, 315 Ark. 466, 869 S.W.2d 9 (1994). For these reasons, we do not address the sufficiency argument on appeal.

■■ Martin's remaining argument is that the trial court erred in not instructing the jury on the lesser included offense of second degree murder. If there is any rational basis upon which the jury could have found the accused guilty of a lesser crime, it is reversible error to refuse to give a correct instruction on that lesser crime. *Hill* v. *State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991). In the case at bar, Martin relied on the defense of com-

plete denial in asserting that he was not even in the state of Arkansas on the date of Felicia's death. Where the appellant relies on the defense of complete denial there is no rational basis for giving instructions on lesser included offenses and the trial court is correct to refuse such instructions. *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993). In *Vickers*, the appellant was convicted of first degree murder and was not allowed a jury instruction regarding second degree murder because he completely denied any knowledge or involvement with the fatal shooting at issue. Since Martin completely denied any involvement, there was no rational basis for instructing the jury on second degree murder in this case. Thus, it was not error for the trial court to deny Martin's request for an instruction regarding this lesser included offense.

Affirmed.

JENNINGS, C.J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the affirmance of the appellant's conviction in this case. However, I would address the sufficiency of the evidence argument which the majority refuses to do on the basis that the appellant did not make a motion at the close of the evidence for a directed verdict and, if he did, there was no ruling on the motion.

The majority opinion points out that the appellant did move for a directed verdict after the state rested and that the motion was made "on the ground that no substantial evidence connected him with the commission of the offense except for the testimony of the accomplice, Adell Henry." The opinion states that "the court denied that motion." The opinion then states "that after calling one witness, the defense rested" and that the court then inquired, "show the motions renewed" and counsel for [appellant] replied, "Yes." The majority opinion does not tell us that the transcript shows that the next thing that occurred after appellant's counsel said "Yes" was that the court asked, "Are you ready for me to instruct the jury?" and counsel said, "Yes, Your Honor." Appellant's abstract shows that all of the these events occurred except instead of abstracting the final question and answer the abstract simply says, "Whereupon, the jury retired to deliberate."

I submit that this court should address the sufficiency of the evidence argument which is based — the majority opinion states — upon "whether there is substantial evidence to support the jury's finding that the corroborating evidence was sufficient."

In all due respect, I do not see how it can be said that the motion for directed verdict was not made, not specific enough, or not ruled upon. I am not willing to say that the trial judge did not know the specifics of the motion that he asked if counsel wanted to renew, and I am not willing to say that the motion was not overruled — as it obviously was.

I do not think that either of the cases cited by the majority opinion supports refusal to consider the appellant's argument that "the accomplice testimony of Adell Henry is inadequately corroborated." I have, therefore, reviewed the evidence carefully and I think Henry's testimony was adequately corroborated. For that reason I concur in affirming the case.

I feel very strongly, however, that we should not court review by the federal courts by holding that counsel has failed to properly try a case based upon the circumstances involved here. I also think that malpractice insurance is too high to treat the directed verdict issue as the majority opinion has in this case.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
## SEPTEMBER 28, 1994

883 S.W.2d 854

Petition for Rehearing denied.

*John Wesley Hall, Jr., P.A.*, by: *Craig Lambert*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petition for rehearing is denied.

COOPER, J., not participating.

MELVIN MAYFIELD, Judge, dissenting. This court, sitting en banc, has today denied the appellant's petition for a rehearing of the court's opinion handed down on July 6, 1994. In his brief on

appeal, the appellant argued that the evidence was insufficient to support his convictions for first degree murder and kidnapping and, alternatively, that the trial court erred in refusing to instruct the jury on the lesser included offense of second degree murder. A panel of this court affirmed the convictions, and I agreed with the majority opinion on the second point. However, the opinion failed to address the sufficiency argument because, the majority said, the appellant did not preserve that point by a proper motion for directed verdict. I thought the evidence was sufficient, although it was a close question, and I concurred in affirming appellant's convictions, but I wrote a concurring opinion stating that, in my view, the majority opinion should have addressed the merits of the sufficiency argument.

The petition for rehearing strongly contends that the sufficiency argument should have been decided on its merits. Not only do I agree, but I think the issue is important to the administration of justice, affects the practice of law by the attorneys in this state, and invites federal court review of constitutional questions. Therefore, I dissent from the court's failure to grant rehearing and address the merits of the appellant's argument on the sufficiency issue.

The majority opinion relies upon Arkansas Rules of Criminal Procedure 36.21 and three cases by the Arkansas Supreme Court to support the failure to pass upon the merits of the argument concerning the sufficiency of the evidence. The rule simply provides that in a jury trial "the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence" will constitute a waiver of that issue. The first case cited, *Donald* v. *State*, 310 Ark. 197, 833 S.W.2d 770 (1992), holds that the failure to obtain a ruling upon a motion for directed verdict constitutes a waiver of the motion and precludes the consideration of the issue on appeal. The other two cases deal with the failure of a moving party to apprise the trial court of the specific basis on which the motion is made. The majority opinion describes the situation in the instant case as follows:

> Martin moved for a directed verdict after the state rested on the ground that no substantial evidence connected him with the commission of the offense except for the testi-

mony of the accomplice, Adell Henry. The court denied that motion. After calling one witness, the defense rested. The court then inquired "show the motions renewed?" and counsel for Martin replied "yes." The above exchange does not amount to a motion for directed verdict, and even if it does the defendant failed to obtain a ruling on the motion. Furthermore, even if counsel's answer "yes" to the court's inquiry constituted a motion for directed verdict, it falls far short of meeting the requirement that the moving party apprise the trial court of the specific basis on which the motion is made.

46 Ark. App. at 279, 879 S.W.2d at 472.

I would only add to that description the information, set out in my concurring opinion, that the appellant's abstract of the record shows that after appellant's counsel answered "Yes" to the court's inquiry, "the jury retired to deliberate." Therefore, my concurring opinion states that "I am not willing to say that the trial judge did not know the specifics of the motion that he asked if counsel wanted to renew, and I am not willing to say that the motion was not overruled — as it obviously was."

Now *Donald* v. *State*, cited in the majority opinion, states that the appellant renewed his motion for directed verdict at the close of the evidence but "he did not obtain a ruling." However, that opinion does not describe the circumstances involved, and it cites three cases involving the failure to obtain a ruling on objections made — not on motions for directed verdicts. So I have to assume that the circumstances in *Donald* were not the same as in the instant case; perhaps in the *Donald* case there was nothing to show that the trial judge knew that the motion had been made. But in the instant case we know that the trial court knew that a previous motion for directed verdict had been made, because the court asked appellant's counsel if he wanted to renew that motion. We also know that after counsel said "Yes," the motion was denied. We know this because we know that the jury then retired to deliberate without hearing any other testimony. We also know that the motion made at the close of the State's case was specific. We know this because the majority opinion tells us the specific grounds on which it was based and that was exactly the basis of the sufficiency of the evidence argument made in appel-

lant's brief on appeal.

However, even if there is some doubt about the adequacy of the motion for directed verdict, I would resolve that doubt in favor of addressing the merits of the appellant's argument. I say this for three reasons.

In the first place, our decision rests upon a procedural technicality. In this case the appellant made a specific motion for directed verdict at the close of the State's case. He renewed that motion at the close of the case. And the trial judge knew that the appellant's motions questioned the sufficiency of the evidence to corroborate the testimony of an accomplice. Therefore, it seems to me, that under the circumstances of this case, our refusal to come to grips with the merits of the appellant's argument tends to demonstrate the truth of Judge Learned Hand's statement that "there is no surer sign of a feeble and fumbling law than timidity in penetrating the form to the substance." *See Loubriel* v. *United States*, 9 F.2d 807, 808 (2d Cir. 1926). And in Arkansas, Robert A. Leflar, an outstanding lawyer, judge, teacher, and author has said:

> One of the major functions of any system of law is to assure its own acceptance in the society it governs, and this is part of the job of each judicial opinion.

Leflar, *One Life in the Law* 129 (1985). I believe that a decision on the merits of the argument made on the sufficiency of the evidence by the appellant in this case would do more for the acceptance of our system of law than does the manner in which that issue is handled in the majority opinion issued on July 6, 1994.

Moreover, it is common knowledge that malpractice insurance is expensive. Motions for directed verdicts may be made in both criminal and civil cases, and the procedural requirements involved in this case for those motions are involved in any jury trial. *See* Arkansas Criminal Procedure Rule 36.21(b) and Arkansas Civil Procedure Rule 50(e). Even if only a few attorneys fail to meet these procedural requirements, this is very likely to affect the cost of malpractice insurance to all attorneys. I do not think we should contribute to this outcome by decisions that put form over substance.

Finally, there is the real probability that a federal constitutional issue will result from our decision in this case. Present counsel was not trial counsel, and the petition for rehearing tells us that unless we pass on the merits of the issue involving sufficiency of the evidence, a federal court will be called upon to make that decision. Obviously, failure to make a proper motion for directed verdict could constitute ineffective assistance of the counsel guaranteed by the Sixth Amendment to the United States Constitution. The test in evaluating an attorney's performance in that regard was set out by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 688 (1984). In *Cox* v. *State*, 313 Ark. 184, 197, 853 S.W.2d 266, 273 (1993), the Arkansas Supreme Court summarized the *Strickland* requirement as follows:

> In order to show his attorney was ineffective an appellant must first show that counsel's performance was so deficient that the counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second he must show that he was so prejudiced by the defense as to be deprived of a fair trial. The appellant must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.

Thus, it appears that the appellant may next file a petition for a writ of habeas corpus in a United States District Court and that court will have to decide whether trial counsel's failure to make a proper motion for directed verdict deprived appellant of the effective assistance of counsel. In making that determination the federal court would surely have to examine the sufficiency of the corroborating evidence in order to pass upon the prejudice prong of the *Strickland* test. Had we not held that appellant's counsel failed to make a proper motion for directed verdict, it is unlikely that the federal courts would review this case because the "corroboration requirement is a matter of state law which does not implicate a constitutional right cognizable on habeas review." *Reeding* v. *State of Minnesota*, 881 F.2d 575, 578 (8th Cir. 1989), *cert. denied* 493 U.S. 1089 (1990).

But as matters now stand, a federal court may review the sufficiency of the corroboration evidence as part of its review of

the issue of effective assistance of counsel. Furthermore, it may well be that our decision holding that we cannot review the sufficiency of the evidence because of trial counsel's failure to make a proper motion for directed verdict would afford appellant relief under *Evitts* v. *Lucey*, 469 U.S. 387 (1985), which holds that the right to due process requires the effective assistance of counsel in order that an appeal may be considered on its merits where, as in Arkansas, there is an appeal as a matter of right. But, regardless of which constitutional right is involved, it appears that our failure to address the evidentiary issue will result in the expenditure of additional time, effort, and money before this case is concluded.

Therefore, for all of the reasons discussed above, I dissent from the refusal of this court to review the merits of appellant's contention regarding the sufficiency of the evidence.