Shannon ALLEN *v.* STATE of Arkansas

CA CR 95-440                                            920 S.W.2d 860

Court of Appeals of Arkansas
En Banc
Opinion delivered May 8, 1996

*Daniel D. Becker* and *Michael E. Harmon*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Shannon Allen appeals his conviction in the Garland County Circuit Court following a jury verdict of guilty on the charge of burglary, and contends that the trial court erred by refusing his requested and proffered jury instruction for the lesser-included offense of criminal trespass. We reverse and remand this case for a new trial, because we agree with appellant that a rational basis was established for charging the jury regarding the lesser-included offense.

Appellant was charged with burglary in connection with his entry into a residence in Hot Springs, and his eventual departure (accompanied by his ex-wife) with a Super Nintendo game that belonged to the resident of the house. The prosecution presented its proof during the morning session of the one-day trial. At the noon recess, the trial judge and counsel for the parties considered the jury instructions to be given, and appellant's counsel requested that the jury be instructed regarding the lesser included offense of criminal trespass. Counsel informed the trial judge that he expected the appellant to testify that appellant accompanied his ex-wife into the residence with the permission of the inhabitant, and that appellant

did not know that she had the article that was allegedly stolen. However, the trial court denied appellant's requested instruction. During the afternoon session, appellant testified as his counsel had predicted. Appellant contends that his proffered testimony warranted the requested instruction. The State argues that appellant should have renewed his objection to the jury instruction after his case-in-chief ended, and that the trial court's denial of the instruction was not improper because the ruling was made based on the testimony heard to that point (when the jury instructions were discussed at the end of the prosecution's case-in-chief during the noon recess). The State also urges that we affirm based upon its objection to appellant's supplemental abstract.

Arkansas Code Annotated § 5-1-110(c) (Repl. 1993) provides that the court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. It is well settled that criminal trespass is a lesser-included offense in the crime of burglary. *Graves v. State*, 264 Ark. 564, 572 S.W.2d 847 (1978). It is not error for a court to refuse or fail to instruct on a lesser-included offense where the evidence clearly shows only one of two possible results—the defendant is either guilty of the greater offense or is innocent. *Brown v. State*, 321 Ark. 413, 903 S.W.2d 160 (1995). But error occurs when the trial court refuses to give a lesser-included-offense instruction where there is even the slightest evidence to warrant it. *State v. Jones*, 321 Ark. 451, 903 S.W.2d 160 (1995). A defendant is entitled to a particular jury instruction if a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law. *U.S. v. Hood*, 748 F.2d 439 (8th Cir. 1984).

Based upon these principles, we hold that it was error to refuse the lesser-included-offense instruction. Although there was no evidence to support the lesser-included-offense instruction at the time of the noon recess when the instructions were discussed, the trial court had been alerted by appellant's counsel that such evidence was forthcoming. That prediction, standing alone, would not have warranted the instruction because it was not evidence. However, the trial judge would have been prudent to withhold a ruling on the lesser-included-offense instruction pending presentation of the defense case. Because the subsequent testimony by appellant supported the proffered instruction and correctly stated

the law, the trial court should have reversed its earlier ruling denying the lesser-included-offense instruction and included it in the charge to the jury.

■ The State's contention that appellant should have renewed his objection to the jury instructions after he presented his case appears to be based upon the view that an objection to jury instruction is in the same procedural realm as a motion for directed verdict. There is a clear line of precedent holding that the motion for directed verdict must be renewed at the close of all the evidence in order for a party to preserve its challenge to the sufficiency of the evidence for appellate review. *See, e.g., Clay* v. *State,* 318 Ark. 550, 886 S.W.2d 608 (1994); *Henry* v. *State,* 309 Ark. 1, 928 S.W.2d 346 (1992). It is equally clear that objections to jury instructions must be made either before or at the time that instructions are given. *Zinger* v. *State,* 313 Ark. 70, 852 S.W.2d 320 (1993). Appellant made a timely objection to the trial court's refusal to include an instruction on the lesser-included offense during the noon recess when the instructions were discussed. His counsel proffered an instruction on that offense when the instructions were discussed, and before they were given to the jury. Those actions were sufficient to inform the trial court regarding the appellant's objection to the instructions that were to be given.

■ Although appellant's supplemental abstract is objectionable to the State, it does contain those material parts of the record necessary to understand the issue presented for our review. *Newton* v. *Chambliss,* 316 Ark. 334, 871 S.W.2d 587 (1994). The sole point on appeal is whether there was a rational basis for a conviction of criminal trespass. Appellant's abstracted testimony clearly demonstrates that he claimed to have no intent to borrow or steal the Super Nintendo game. That testimony was enough to permit the issue presented for our review to be understood.

Reversed and remanded.

JENNINGS, C.J., MAYFIELD, and NEAL, JJ., agree.

PITTMAN and ROGERS, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. The appellant in this case was found guilty by a jury of residential burglary. In reversing that conviction, the majority holds that appellant was entitled to an instruction on the lesser included offense of criminal trespass. I

dissent primarily because there was no rational basis for the giving of such an instruction, but also because the issue was not properly preserved for appellate review.

To place the issue in perspective, I feel that it is necessary to briefly set out the evidence presented by the State, even though appellant failed to include such testimony in his abstract. The record reflects that Darrell Heller, age twenty-seven, who is mentally disabled, lived at home with his mother and father. According to Heller, on the evening of July 3, 1994, he took a bath while his parents were out of the house. He said that he had locked the front door before bathing. After finishing his bath, he discovered appellant looking through a dresser in his parents' bedroom. He also saw appellant's wife standing in the kitchen. Darrell testified that he had not previously known either appellant or his wife and that he asked them why they were in the house. He also asked them to leave and, when they paid no attention to him, he asked them to leave again. Heller said that he "escorted" them out and that he later discovered that his Super Nintendo and five games were missing, along with his radio. His father, Vernon Heller, testified that the storm door had been yanked open and that the metal frame had been bent.

A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a) (Repl. 1993). A person commits criminal trespass if he purposely enters or remains unlawfully in or upon a vehicle or the premises of another person. Ark. Code Ann. § 5-39-203(a) (Repl. 1993). Criminal trespass is complete upon the making of an unlawful entry. No intent to engage in further unlawful conduct is necessary. *Brown* v. *State*, 12 Ark. App. 132, 671 S.W.2d 228 (1984).

The majority is correct in its assertion that criminal trespass is a lesser included offense of burglary. *Grays* v. *State*, 264 Ark. 564, 572 S.W.2d 847 (1978). The majority is also on firm ground in stating that it is error to refuse a lesser included offense instruction where there is even the slightest evidence to warrant it. If there is any rational basis upon which the jury could have found the accused guilty of a lesser crime, it is reversible error to refuse to give a correct instruction on that lesser crime. *Martin* v. *State*, 46 Ark. App. 276, 879 S.W.2d 470 (1994). The majority's ruling in this case is based on the testimony of the appellant. However, the appellant's

testimony provides no rational basis for the giving of an instruction on criminal trespass.

Appellant testified that he and his wife were invited inside the home by Darrell and that Darrell offered them both a coke and gave his wife a piece of cake to eat. Appellant said that he went onto the porch to wait while Darrell fixed his wife's hair. He testified that about ten minutes later Darrell and his wife came to the door and that Darrell handed her a sack before showing her out. Appellant said that he did not know what was in the sack until his wife told him while they were walking down the street that she was borrowing Darrell's Super Nintendo.

As indicated above, the crime of criminal trespass is founded upon an unlawful entry. However, appellant denied that his entry to the home was unlawful. It was his testimony that he entered the home with the permission of the occupant. It was also his testimony that he entered the home without the intent to commit any crime, and in fact he denied any involvement in the theft of the Super Nintendo. Consequently, if appellant's testimony were to be believed, it would completely exonerate him of committing not only the offense of burglary, but also that of criminal trespass. In a long line of cases, it has been held that it is not error for the trial court to refuse or fail to instruct on the lower offense where the evidence clearly shows that defendant is either guilty of the greater offense charged, or innocent. *Brown* v. *State*, 321 Ark. 413, 903 S.W.2d 160 (1995). It has also been uniformly held that there is no rational basis for the giving of a lesser included offense instruction where the theory of defense is premised upon a complete denial of the defendant's participation in the act charged. *State* v. *Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995). In sum, appellant's testimony was inconsistent with a charge of criminal trespass. And, since his defense was that of a complete denial of any criminal conduct, I cannot say that the trial court erred in refusing the lesser included offense instruction. There simply was no rational basis to instruct the jury on criminal trespass.

With regard to the procedural aspect of this case, the majority misunderstands the State's argument. Contrary to the majority's conclusion, the State does not liken the situation to the requirement for renewing a motion for a directed verdict.

The record reflects that the question of jury instructions was

discussed at a noon recess just after the State had rested its case. The only "proffer" of testimony offered by appellant at that time in support of his request for an instruction on criminal trespass was the statement,[1] "I anticipate the testimony of my client to be that he did not have any intent of going to that house with the purpose of committing a theft or any crime punishable by law." The trial judge stated that there was no evidence in the record to support that instruction and ruled that "I'm just going to instruct *at this time* on residential burglary."

It is the State's position that this issue was not properly preserved for appeal since appellant did not renew his request for the instruction. The State points out that appellant's argument rests entirely on his own testimony and reasons that a trial court cannot be held in error based on evidence adduced after its ruling is made. The majority holds, however, that it was incumbent on the trial court to reverse its ruling in light of appellant's testimony. I cannot agree. First, as discussed above, appellant's testimony did not provide a rational basis for the giving of the instruction. Secondly, it is clear from the record that the trial judge's ruling was conditional and based on the record made thus far in the trial. If appellant felt that his testimony added something to the earlier proffer, or provided further justification for his request for the instruction, it was for appellant to urge the court to reconsider its ruling. I know of no authority, and the majority cites none, placing the onus on the trial court. *See Thomas v. Allstate Ins. Co.*, 27 Ark. App. 27, 766 S.W.2d 31 (1989).

Moreover, appellant failed to abstract any of the State's evidence that had been presented prior to the court's ruling. Without a review of the evidence before the court when it ruled, we cannot discern any error. Therefore, the appellant has failed to produce a record that demonstrates error. *Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (1994).

I would affirm.

ROGERS, J., joins in this dissent.

---

[1] Actually, the proffer was directed toward appellant's request for an instruction on the offense of breaking or entering, which the trial court denied. Appellant makes no argument in this appeal concerning the trial court's refusal of that instruction.